IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA Y. PRICER, | No.  CIV.S-04-1399 DAD |
| Plaintiff, | |
| v. | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the court concludes that the decision of the Commissioner of Social Security ("Commissioner") must be affirmed.

**PROCEDURAL BACKGROUND**

On February 28, 2001, plaintiff Felicia Young Pricer applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the

1

"Act"), respectively. (Transcript (Tr.) at 65-67, 289-91.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 51-55, 58-62.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on June 18, 2003, at which time plaintiff was represented by counsel. (Tr. at 33-48.) In a decision issued on August 25, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 16-28.) The ALJ entered the following findings in this regard:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

       7.    The claimant has the following residual functional capacity: unskilled medium level work.

       8.    The claimant's past relevant work as cashier did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR §§ 404.1565 and 416.965).

       9.    The claimant's medically determinable residuals from cerebral aneurysm, degenerative disc disease of the spine, post-traumatic stress disorder, alcohol abuse do not prevent the claimant from performing her past relevant work as a cashier. In the alternative, Rule 203.14 or 203.15, Table No. 3 of Appendix 2, Subpart P, Regulations No. 4, directs a conclusion that the claimant is not disabled because a significant number of jobs exist that she can perform.

     10.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(e) and 416.920(e)).

(Tr. at 27-28.) The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on May 25, 2004. (Tr. at 4-10.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on July 7, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. <u>Schneider v. Comm'r of the Soc. Sec. Admin.</u>, 223 F.3d 968, 973 (9th Cir. 2000); <u>Morgan v. Comm'r of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir.

1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

4

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances three arguments in support of her motion for summary judgment. First, plaintiff asserts that the ALJ erred in determining that plaintiff's impairments did not meet or equal a listed impairment. Second, plaintiff maintains that the ALJ improperly discounted plaintiff's testimony regarding the severity of her symptoms and the resulting limitations those symptoms place upon her. Third, plaintiff generally contends that the ALJ's residual functional capacity determination is not supported by substantial evidence. The court addresses plaintiff's arguments below.

5

1  Plaintiff's first argument is that the ALJ erred at step
2 three of the sequential evaluation when she determined that
3 plaintiff's impairments did not meet or equal a listed impairment.
4 Specifically, plaintiff asserts that the ALJ should have found
5 plaintiff to meet 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04
6 ("Listing 12.04") or 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06
7 ("Listing 12.06"), concerning "Affective Disorders" and "Anxiety
8 Related Disorders", respectively.

9  At step three of the sequential evaluation, if a claimant
10 demonstrates that he suffers from a severe impairment that is either
11 listed in Appendix 1 of the regulations or is equal to a listed
12 impairment, then he will be found disabled without regard to his age,
13 education or work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).
14 The listing of impairments in Appendix 1 "describes, for each of the
15 major body systems, impairments which are considered severe enough to
16 prevent a person from doing any gainful activity."  20 C.F.R. §§
17 404.1525(a), 416.925(a).  A claimant's impairment is not considered
18 listed solely because he has the diagnosis of a listed impairment.
19 Rather, the impairment "must also have the findings shown in the
20 Listing of that impairment."  20 C.F.R. §§ 404.1525(d), 416.925(d).
21 See also Marcia v. Sullivan, 900 F.2d 172, 175 (9th Cir. 1990).

22  An impairment that is not listed in Appendix 1 may be found
23 "equivalent" to a listed impairment if the medical findings are "at
24 least equal in severity and duration to the listed findings."  20
25 C.F.R. §§ 404.1526(a), 416.926(a).  To determine equivalence, the
26 Commissioner is to compare the "symptoms, signs, and laboratory

6

findings" contained in the medical evidence with the medical criteria for the listed impairment, or with the listed impairment that is most like the claimant's impairment. Id. Thus, to equal a listed impairment a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment. Id. See also Tackett, 180 F.3d at 1099. If a claimant has more than one impairment, and none of them meets or equals a listed impairment, the Commissioner must review the symptoms, signs, and laboratory findings associated with the claimant's impairments to determine whether the combination of impairments is medically equal to any listed impairment. Marcia, 900 F.2d at 175-76; see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1526(a), 416.926(a); Social Security Ruling ("SSR") 83-19.

     Here, plaintiff asserts that her condition meets Listings 12.04 and 12.06. However, counsel for plaintiff has offered no meaningful discussion of the medical evidence in this regard. Neither of the two medical reports briefly cited in plaintiff's motion for summary judgment -- the April 23, 2001, report of Captane Thomson, M.D. (Tr. at 220-21) and the May 25, 2001, report of William J. Treguboff, M.A., M.F.C.C. (Tr. at 230-33) -- demonstrate that plaintiff's post-traumatic stress disorder meets the numerous and detailed requirements of Listing 12.04 or 12.06. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04 (2001); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06 (2001). Nor do the reports by Carol Schneider, Ph.D. (Tr. at 192-198) and Kimberly A. Stearns, Ph.D. (Tr. at 238-43), the

other mental health reports in the record support plaintiff's bare assertion in this regard. Indeed, in reports dated after the reports of Dr. Thomson, Mr. Treguboff, Dr. Schneider and Dr. Stearns were written, the two non-examining physicians who reviewed plaintiff's medical records concluded that plaintiff's PTSD did not rise to the level of a listed impairment. (Tr. at 246-59, 270-83.) For these reasons, the court finds that substantial evidence supports the ALJ's determination at step three of the sequential evaluation. Plaintiff's argument to the contrary is rejected.

Next, with respect to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). An ALJ's assessment of credibility should, in general, be given great weight. Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985). Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. Morgan, 169 F.3d at 599. In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness. See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

1    Nonetheless, an ALJ's rejection of a claimant's testimony
2 must be supported by specific findings. Morgan, 169 F.3d at 599;
3 Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller,
4 770 F.2d at 848).  Once a claimant has presented evidence of an
5 underlying impairment, the ALJ may not discredit the claimant's
6 testimony as to the severity of his or her symptoms merely because
7 the testimony is unsupported by objective medical evidence.  Reddick
8 v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119
9 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the
10 claimant's testimony about the severity of [his or] her symptoms only
11 by offering specific, clear and convincing reasons for doing so."
12 Light, 119 F.3d at 792.  See also Reddick, 157 F.3d at 722.

13    Here, plaintiff's medical records document conditions which
14 might reasonably be expected to cause the symptoms alleged by
15 plaintiff.  However, while plaintiff alleges that she is totally
16 unable to work due to the severity of the symptoms stemming from her
17 impairments, the ALJ made specific and detailed findings in not fully
18 crediting plaintiff's testimony in this regard.  The ALJ clearly
19 evaluated plaintiff's testimony regarding the severity of her
20 physical and mental symptoms.  (Tr. at 25-26.)  For example, while
21 plaintiff testified to serious limitations with respect to her left
22 leg and right knee, the ALJ accurately explained that the medical
23 record altogether failed to reveal a medically determinable lower
24 extremity impairment.  (Id.)  The ALJ noted that plaintiff continued
25 to smoke and use alcohol despite medical advice to the contrary.
26 (Tr. at 26, 151, 156, 207, 220-21.)  On one occasion, as the ALJ

recognized, plaintiff failed to cooperate with the Administration in terms of completing and returning paperwork required to process her claim. (Tr. at 26, 113-125.) With respect to plaintiff's mental impairment, the ALJ further recognized that plaintiff did not seek or receive treatment beyond 2001, the year plaintiff sustained a dog bite to her face which led to the diagnosis of PTSD.[1] (Tr. at 26.) At the June 28, 2003, administrative hearing, plaintiff testified that the various mental and physical symptoms resulting from this dog bite had improved. (Tr. at 40, 43.) Plaintiff also minimized her use of alcohol and only vaguely described the continuing symptoms which she could attribute to the 2001 dog bite incident. (Tr. at 41, 43.) Having reviewed the entire hearing transcript, the undersigned finds that the overall tone of plaintiff's testimony regarding her alleged limitations does not paint the picture of a person totally incapable of work activity.

---

[1] At the administrative hearing, counsel asked plaintiff whether she would have sought further treatment if she "had the means available." (Tr. at 45.) Plaintiff answered in the affirmative. The undersigned recognizes that it is inappropriate to reject a claimant's complaints due to lack of treatment when the record establishes that the claimant could not afford it. See Smolen, 80 F.3d at 1284. However, that is not clearly the case here. According to plaintiff's testimony, the attorney she had retained in connection with the dog bite incident "was paying for my insurance after [the incident]." (Tr. at 44.) Other testimony indicates that plaintiff had access to the Yolo County Health Care for Indigents Program (YCHIP). (Tr. at 47-48.) Plaintiff has not explained -- either at the administrative level or in connection with the instant proceedings -- her failure to seek treatment despite her access to health care through her attorney and/or the YCHIP program. Accordingly, the ALJ did not err in discounting plaintiff's testimony for this reason. See Fair, 885 F.2d at 603 ("an unexplained, or inadequately explained, failure to seek treatment ... can cast doubt on the sincerity of [a] claimant's pain testimony").

1          Accordingly, the court finds that the ALJ fairly
2   characterized the record and sufficiently stated specific, clear and
3   convincing reasons for not fully crediting plaintiff's testimony
4   regarding the severity of her symptoms.  See Tidwell v. Apfel, 161
5   F.3d 599, 602 (9th Cir. 1998).  Plaintiff's argument to the contrary
6   must be rejected.
7          Finally, plaintiff generally argues that the ALJ erred in
8   finding plaintiff to have the residual functional capacity to perform
9   unskilled medium work.  However, in making that determination the ALJ
10  relied on the June 30, 2001, report of examining neurologist Steve
11  McIntire, M.D.  (Tr. at 234-37.)  Dr. McIntire found no significant
12  limitations of any kind.  (Tr. at 237.)  His opinion alone amounts to
13  substantial evidence supporting the ALJ's decision.  See Andrews v.
14  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)("Where the opinion of the
15  claimant's treating physician is contradicted, and the opinion of a
16  nontreating source is based on independent clinical findings that
17  differ from those of the treating physician, the opinion of the
18  nontreating source may itself be substantial evidence[.]").
19         Further, it is worth noting that the ALJ did not simply
20  reject all of the other evidence in the record in favor of the
21  opinion of Dr. McIntire.  While Dr. McIntire assessed no limitations
22  of any kind, the ALJ found plaintiff capable of unskilled medium
23  work.  That finding takes into account many of the findings by the
24  other physicians whose reports appear in the administrative record.
25  See Social Security Ruling 85-15 ("The basic mental demands of
26  competitive, remunerative, unskilled work include the abilities (on a

11

sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.").

For these reasons, plaintiff's argument regarding the ALJ's residual functional capacity determination is rejected.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner denying benefits is affirmed.

DATED: June 22, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.socsec/pricer1399.order